IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03375-BNB

ALLEN DAWKINS,

    Applicant,

v.

RICKY EVANS,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Allen Dawkins, initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On January 24, 2014, Mr. Dawkins filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9). Mr. Dawkins is challenging his detention in the Denver County Jail since August 21, 2013, pursuant to a parole hold, and he contends that he is being held unjustly and without cause in violation of his constitutional rights. The relief he requests in the amended application is to have the parole hold lifted and to be assigned to a new parole officer.

    On February 18, 2014, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondent intends to raise either or both of those defenses in this action. On February 28, 2014, Mr. Dawkins filed a document titled "Responding to Preliminary Response" (ECF No. 14) in

which he contends he has exhausted state court remedies by repeatedly asking the Colorado parole board and his parole officer to lift the parole hold. On March 11, 2014, Respondent filed Defendant's Preliminary Response to Allen Dawkins' Application for Writ of Habeas Corpus (ECF No. 15). Respondent maintains that the amended application should be denied for failure to exhaust state remedies because Mr. Dawkins has not presented his constitutional claims to the Colorado state courts in a petition for writ of habeas corpus or in any other state court proceeding. On March 27, 2014, Mr. Dawkins filed a document titled "Allen Dawkins' Appeal for Writ of Habeas Corpus" in reply to the preliminary response filed by Respondent. (*See* ECF No. 16.)

The Court must construe the amended application and other documents filed by Mr. Dawkins liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Dawkins may not challenge the allegedly illegal parole hold in federal court in a habeas corpus action unless he has exhausted state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The "substance of a federal habeas corpus claim" must have been presented to

the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Dawkins fails to demonstrate he has fairly presented his constitutional claims to any state court.  The fact that he has asked the parole board and his parole officer to lift the parole hold does not satisfy the exhaustion requirement.  Therefore, the habeas corpus claims will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Finally, the Court notes that Applicant also includes a request for damages in the document titled "Allen Dawkins' Appeal for Writ of Habeas Corpus." (*See* ECF No. 16 at 3.) Mr. Dawkins maintains that he is entitled to an award of damages from Respondent in his individual capacity because Respondent is acting under color of state law and has subjected Mr. Dawkins to cruel and unusual punishment. The claim for damages will be dismissed without prejudice because it may not be raised in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

Even if the Court could consider the claim for damages in this habeas corpus action, it would be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Although Mr. Dawkins is not challenging the validity of a criminal conviction or sentence, the rule in *Heck* also applies to claims that challenge other forms of confinement. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable

relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended application (ECF No. 9) are denied and the action is dismissed without prejudice.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the Motion for Appointment of Counsel (ECF No. 10) is denied as moot.

DATED at Denver, Colorado, this  10th  day of    April         , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court